STONE *v.* WAINWRIGHT.

*Contracts—Charge to jury upon fraud, technically incorrect—Judgment not reversed, where verdict justified and jury not misled.*

A charge of court on the question of fraud, although technically incorrect, will not justify a reversal of the judgment rendered by the trial court where under all the pleadings and evidence the jury could not have been misled by the charge and upon the evidence disclosed by the record was justified in returning the verdict it did.

(Decided July 2, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Waite, Schindel & Bayless* and *Mr. Herbert Shaffer*, for plaintiff in error.

*Messrs. Pogue, Hoffheimer & Pogue* and *Mr. O. S. Bryant*, for defendant in error.

HAMILTON, J. Defendant in error brought an action against the plaintiff in error in the court

Appeal and Error, 4 C. J. § 3015.

below to recover a balance of $2,500, claimed to be due under a contract of sale for fifty shares of stock of the Wainwright Ice Machine Company.

The petition alleges the contract was for the sale of fifty shares of stock for the sum of $5,000, and alleges that $2,500 had been paid on account, leaving a balance of $2,500 unpaid, which the defendant refused to pay.

The plaintiff in error, defendant below, filed an answer admitting the contract, but denying liability, and setting up fraud and misrepresentation in the sale, and by way of cross-petition asked the cancellation of the contract, claiming he was induced to enter into it by fraud and misrepresentations of the plaintiff.

The case was tried to a jury, resulting in a verdict and judgment in favor of the plaintiff below for the sum claimed. From that judgment, plaintiff in error prosecutes error to this court.

The only ground of error presented was the claim of error in the general charge of the court in defining to the jury what would constitute fraudulent representations sufficient to justify the cancellation of the contract and prevent recovery. The matter complained of is that part of the charge defining the elements essential to constitute a fraud, and is contained in the following paragraph:

"There are several elements essential to constitute a fraud, as a definition I have given you clearly indicates, and each of these elements must be proven by a preponderance of evidence before a charge of fraud is established, first the false representation of a fact must be of a fact at the time it is made, must be of a fact known at the

time it is made to be untrue, and if not known to be untrue, then made recklessly and wilfully and without regard as to whether it is true or false. If a false representation be made innocently, believing it to be true, and with good reasons to believe it to be true, then it cannot be made the basis of a charge of fraud.''

This is undoubtedly a proper general statement of the elements essential to constitute a fraud.

It is claimed that under the decision of the court in the case of *Mulvey* v. *King*, 39 Ohio St., 491, this charge is erroneous. In that case, at page 494, the court said:

''When, however, a person claims the benefit of a contract into which he has induced another to enter by means of misrepresentations, however honestly made, the same principles cannot be applied. It is then only necessary to prove that the representation was material and substantial, affecting the identity, value or character of the subject-matter of the contract, that it was false, that the other party had a right to rely upon it, and that he was induced by it to make the contract, in order to entitle him to relief either by rescission of the contract or by recoupment in a suit brought to enforce it.''

This was a case where a person contracted to purchase real estate, and it was discovered that the land purchased was less than had been bargained for, that the purchaser did not get what he contracted for.

In the case under consideration the answer and cross-petition charge false and fraudulent representations, with actual knowledge on the part of

the plaintiff. The false statements charged go to the value of the assets of the corporation. The evidence shows clearly that if the statements alleged to have been made fraudulently were false, they must have been made with the knowledge of the plaintiff of their falsity. The evidence further supports the proposition that if the representations were false, plaintiff in error did not rely upon them, as he took considerable time to make investigation of the facts charged as fraudulent and made the investigation personally and through an agent. That before the first payment of $2,500 was made under the contract, plaintiff in error took over the company and operated it as president.

Our conclusion therefore is that under the pleadings of the case, and the evidence adduced, the charge of the court, if technically incorrect, could not have misled the jury, as upon the evidence disclosed by the record it was justified in returning the verdict that it did.

We find no prejudicial error in the record.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.